```
                  UNITED STATES DISTRICT COURT
                  MIDDLE DISTRICT OF TENNESSEE
                         AT NASHVILLE

ROBERT RICHMOND,               )
                               )
        Plaintiff              )
                               )       Case 3:10-0734
v.                             )       Judge Campbell/Brown
                               )       Jury Demand
CENTURION EXTERIORS, INC.,     )
JOHN BAUGH, and BARRY BROOKS,  )
                               )
        Defendants             )
```

### INITIAL CASE MANAGEMENT ORDER

Pursuant to Local Rule 16.01(d)(2), the following Initial Case Management Plan is **adopted**.

1. **Service of Process**: Service of Process on all Defendants is complete.

2. **Responsive Pleadings**: Defendants have filed Answers to the Complaint. Defendants have also filed a Counterclaim against Plaintiff and Plaintiff has moved to dismiss the Counterclaim (Docket Entries 9, 11). Defendants' response to the motion to dismiss is due **September 29, 2010**.

3. **Jurisdiction**: The parties are in agreement that this Court has jurisdiction over Plaintiff's Fair Labor Standards Act claims. Defendants dispute that the Court has supplemental jurisdiction over Plaintiff's state law claims. Venue is proper in this Court.

4. **Mandatory Initial Disclosures**: Pursuant to Fed. R. Civ. P. 26(a)(1), all parties must make their initial disclosures no later than **14 days** after the case management conference.

5. **Discovery**:

a. Discovery is not stayed during dispositive motions, unless ordered by the Court.

b. Plaintiff shall declare the identity of its expert witnesses and provide the information specified in Rule 26(a)(2)(B) by **January 28, 2011**.

c. Defendants shall declare the identity of their expert witnesses and provide the information specified in Rule 26(a)(2)(B) by **February 28, 2011**.

d. All discovery, including depositions of experts, shall be completed no later than **May 6, 2011**. Any written discovery shall be served in time so that responses are due no later than **May 6, 2011**.

e. Dispositive Motions: Briefs shall not exceed <u>25 pages</u>. Dispositive motions will be filed no later than **June 1, 2011**. Responses to dispositive motions shall be due **28 days** after the filing of the dispositive motion. Optional replies shall be due **14 days** after the filing of the response.

Prior to filing any discovery-related motion, the parties will schedule and conduct a telephone conference with the Magistrate Judge.

6. **Amendments to Pleadings**: Plaintiff anticipates amending the Complaint to add a claim under Title VII. The deadline for filing Motions to Amend the pleadings is **March 28, 2011**.

7. **Electronic Service:** Counsel for the parties agree to service of case-related material not otherwise filed through the Clerk's Office by electronic mail attachment in PDF format, in addition to any other format as agreed, sent to opposing counsel's email address who shall then accept such electronic service of case-related documents in lieu of the delivery of printouts or other physical copies.

8. **Parties' Theory of the Case**:

    a. **Plaintiff's Theory of the Case**: Plaintiff contends that he was a nonexempt employee whose rights under the FLSA were violated by Defendants' knowing decisions to misclassify him, fail to record or pay for all hours worked, and fail to pay overtime premiums as required under the Act. Plaintiff contends this conduct was willful and in bad faith. As a result, Plaintiff is entitled to recover lost wages and overtime premiums, liquidated damages, attorneys' fees and costs, pre and post judgment interest and any other relief that he is entitled to under the law. Plaintiff further contends that Defendants misrepresented the amount of compensation that Plaintiff would be paid, thus giving rise to claims for breach of contract and violations of Tennessee wage statutes. In addition, Plaintiff has been a victim of racial

harassment and discrimination that has caused him emotional pain, suffering, professional and personal embarrassment, humiliation, loss of enjoyment of life, inconvenience and lost earnings and benefits. As a result he seeks damages, including lost wages, compensatory and punitive damages, attorneys' fees, costs, interest, and any other legal and equitable relief to which he may be entitled. Finally, Defendants have asserted a Counterclaim against Plaintiff in which they seek a declaratory judgment that they did not violate the FLSA. Since this claim is a mirror image of Plaintiff's Complaint (in which he seeks declaratory judgment that Defendants did violate the FLSA) with no independent basis, it should be dismissed as a matter of law.

        b. **Defendants' Theory of the Case**: Plaintiff was employed by Centurion as a canvasser, and later, as a canvasser manager. Defendants contend that Plaintiff was an "exempt" employee for purposes of the causes of action sought to be asserted in this matter, specifically including, but not limited to, because he was an "outside salesman" pursuant to 29 U.S.C. § 213. The Plaintiff therefore is not entitled to recover on his claim under the Fair Labor Standards Act.

    The Defendants did not harass or discriminate against the Plaintiff because of his race. The Plaintiff was an employee at will, and the Defendants did not misrepresent the amount of compensation the Plaintiff would be paid and did not breach any contract with the Plaintiff or violate Tennessee wage laws.

The Plaintiff voluntarily quit his employment with Centurion, and has failed to exercise reasonable efforts to mitigate his losses, if any.

The Plaintiff made material misrepresentations and lied on his employment applications regarding his criminal conviction history. Had Centurion learned of the Plaintiff's dishonesty, it would have terminated the Plaintiff, and consequently the Plaintiff's relief, if any, is barred or restricted.

9. **Issues Resolved**: No substantive issues have been resolved.

10. **Issues in Dispute**: All substantive issues remain in dispute and include the following:

   a. Whether Defendants misclassified Plaintiff;

   b. Whether Defendants failed to correctly record Plaintiff's hours;

   c. Whether Defendants owe back wages and overtime premiums to Plaintiff and in what amount;

   d. Whether Defendants failed to act in good faith and/or willfully;

   e. Whether Defendants misrepresented the amount of compensation to be paid to Plaintiff;

   f. Whether Defendants are liable for racial harassment/discrimination against Plaintiff;

   g. The amount of damages, if any, Plaintiff is entitled to recover;

h. Whether Plaintiff is an "exempt" employee, specifically including, but not limited to, whether he was an "outside salesman" pursuant to 29 U.S.C. § 213;

I. Whether Plaintiff made material misrepresentations and lied on his employment applications, which bar or restrict the relief which he seeks in this lawsuit;

j. Whether this Court has supplemental jurisdiction over Plaintiff's state law claims;

k. The extent to which the Plaintiff's recovery, if any, should be barred or reduced because of his failure to exercise reasonable efforts to mitigate his damages.

11. **Scheduling of Any Hearings Before the Case Management Judge**: At this time, the parties do not have any hearings that must be scheduled in front of the Case Management Judge.

12. **Target Trial Date and Expected Length of Trial**: The parties anticipate this case will be ready for trial after October 20, 2011, and that a trial would take three to four days.

13. **Settlement**: The parties engaged in a mediation before the EEOC that was unsuccessful. The parties believe that an early judicial settlement conference or mediation would be beneficial. A telephone conference to discuss alternative dispute resolution and case progress with the Magistrate Judge is set for **January 18, 2011, at 10:30 a.m. To participate in the conference call, parties shall call 615-695-2851 at 10:30.**

It is so **ORDERED**.

                                          /s/ Joe B. Brown
                                        JOE B. BROWN
                                        United States Magistrate Judge