UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

ROBERT RICHMOND )
) No. 3:10-0734
v. ) JUDGE CAMPBELL
)
CENTURION EXTERIORS, INC., )
JOHN BAUGH, and BARRY BROOKS )

ORDER

Plaintiff/Counter-Defendant Robert Richmond ("Richmond") filed a Motion To Dismiss Counterclaim (Docket No. 11), to which Defendants/Counter-Plaintiffs Centurion Exteriors, Inc., John Baugh and Barry Brooks ("Defendants") filed a response in opposition (Docket No. 14). For the reasons that follow, the motion is granted.

In his complaint, Richmond alleged four legal claims, including a violation of the Fair Labor Standards Act ("FLSA") based upon Defendants' alleged failure to pay Richmond, a non-exempt employee, wages and overtime for all hours worked before his employment was terminated. (Docket No. 1, Complaint ¶¶ 21, 35-40 (Count I).) Among various forms of relief, Richmond requested a declaratory judgment that the practices he complains about are unlawful. (Id. at 9.) In the answer, Defendants denied the FLSA allegations and raised as an affirmative defense that the FLSA does not apply because Richmond was an "outside salesman" pursuant to 29 U.S.C. § 213 and thus, an exempt employee who was not covered by the FLSA. In addition, Defendants filed a counterclaim seeking a declaratory judgment that Richmond was an exempt employee. (Docket No. 9, Answer at 6-7, 10-11.)

Richmond now seeks dismissal of the counterclaim under Federal Rule of Civil Procedure 12(b)(6) on the ground that the counterclaim is a mirror image of his own claim and

1

Defendants do not allege factual or legal issues different from those raised in the complaint. Defendants emphasize that they carry the burden to prove that Richmond was an exempt employee, and that their counterclaim could have been brought as a separate declaratory judgment action. Additionally, they believe their declaratory judgment request is proper because a ruling could impact the way Centurion classifies current and future employees under the FLSA or a ruling may have ramifications on enforcement actions of the federal government with respect to Richmond's claim. Defendants also want to assure their ability to obtain a declaratory judgment that Richmond was an exempt employee even if Richmond decides to dismiss his lawsuit voluntarily.

The Sixth Circuit apparently has not addressed this issue outside the patent context. In Dominion Elec. Mfg. Co. v. Edwin Wiegand Co., 126 F.2d 172, 173-74 (6th Cir. 1942), the court held that a counterclaim in a patent infringement suit should not have been dismissed prior to trial, but in so holding the court recognized the unique situation often presented in patent cases where defendants seek declaratory judgments on issues beyond the scope of the complaint. In other types of cases, district courts "have disagreed on the proper treatment of so-called 'mirror-image' counterclaims." Erickson v. Brock & Scott, PLLC, 2009 WL 4884424 at *3 (W.D. Tenn. Dec. 8, 2009). Some district courts have dismissed counterclaims because they are redundant to the complaint, while other courts have not. Id. (and cases cited therein).

A district court in Ohio found that these "cases are not necessarily at odds." Pettrey v. Enterprise Title Agency, Inc., 2006 WL 3342633 at * 3 (N.D. Ohio Nov. 17, 2006). Relying on 6 Wright, Miller & Kane, FEDERAL PRACTICE & PROCEDURE 2D § 1406, the Pettrey court determined the focus should be on whether the counterclaim serves any useful purpose. Id. If it

2

cannot be determined early in the litigation if the counterclaim is identical to the complaint, "'the safer course for the court to follow is to deny a request to dismiss a counterclaim for declaratory relief unless there is no doubt that it will be rendered moot by the adjudication of the main action.'" Id. (quoting 6 Wright, Miller & Kane, FEDERAL PRACTICE & PROCEDURE 2D § 1406). On the other hand, the court should dismiss a redundant counterclaim when it is clear that there is complete identity of factual and legal issues between the complaint and the counterclaim. Id. (citing Aldens, Inc. v. Packel, 524 F.2d 38, 51-52 (3d Cir. 1975)). In Pettrey the district court "harbor[ed] no doubt whatsoever that Defendants' declaratory judgment counterclaims will be rendered moot by the adjudication of Plaintiffs' claims[,]" and dismissed the counterclaims, distinguishing the case from the patent infringement context in Dominion. Id.

     Applying a similar analysis here, the Court concludes that Defendants' counterclaim raises factual and legal issues identical to those stated in the complaint, and the counterclaim will be rendered moot upon adjudication of the complaint. See id.; Aldens, Inc., 524 F.2d at 51-52; Mille Lacs Band of Chippewa Indians v. State of Minnesota, 152 F.R.D. 580, 582 (D. Minn. 1993); Resolution Trust Corp. v. Ryan, 801 F. Supp. 1545, 1556 (S.D. Miss. 1992). Defendants secured their opportunity to litigate whether Richmond was an exempt employee by raising that issue as an affirmative defense, on which they carry the burden of proof. See Franklin v. Kellogg Co., — F.3d —, 2010 WL 3396843 at *4 (6th Cir. 2010); Baden-Winterwood v. Life Time Fitness, Inc., 566 F.3d 618, 626 (6th Cir. 2009). Even if Richmond decides to dismiss his case voluntarily, Defendants have not identified any case or controversy that would remain for adjudication so that Defendants would have standing to proceed and the Court would possess jurisdiction to render a proper decision, and not an advisory opinion. See Fieger v. Michigan

3

Supreme Court, 553 F.3d 955, 961 (6th Cir. 2009) (holding Article III and Declaratory Judgment Act allow district court to enter declaratory relief only in case of actual controversy where plaintiff has standing ).

Accordingly, Richmond's Motion To Dismiss Counterclaim (Docket No. 11) is hereby GRANTED and Defendants' counterclaim is hereby DISMISSED for failure to state a claim under Rule 12(b)(6).

The case is returned to the Magistrate Judge for case management under the Initial Case Management Order entered on September 30, 2010. (Docket No. 16.)

IT IS SO ORDERED.

                                                                              _____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE