```
                UNITED STATES DISTRICT COURT
                MIDDLE DISTRICT OF TENNESSEE
                       AT NASHVILLE
```

ROBERT RICHMOND,              )
                              )
    Plaintiff             )
                              )         Case 3:10-0734
v.                            )         Judge Sharp/Brown
                              )         **Jury Demand**
CENTURION EXTERIORS, INC.,    )
JOHN BAUGH, and BARRY BROOKS, )
                              )
    Defendants            )

## **O R D E R**

Presently pending is the Defendants' motion to compel (Docket Entry 31). This motion is **GRANTED** in part and **DENIED** in part.

As the Magistrate Judge understands the Plaintiff's response (Docket Entry 39) the Plaintiff has unequivocally withdrawn any claims for front or back pay after July 23, 2010, the date the information concerning his criminal background was discovered by the Defendants. Both sides have devoted a good deal of attention to what would or would not be admissible in trial in the Fed. R. of Evid. 403 and 609, among others. Discovery clearly covers broader areas than items which will be admissible at trial. Ordinarily, the Magistrate Judge would compel testimony concerning a defendant's background where it would bear on damages under *McKennon v. Nashville Banner Publishing Company*, 513 U.S. 352 (1995). In reviewing the original complaint, the Magistrate Judge notes that the Plaintiff sought compensatory damages and punitive

damages in paragraphs 6 and 7. The Magistrate Judge reads the pleadings to understand that Plaintiff may be abandoning these claims as well.

The Magistrate Judge also notes in reviewing the original complaint in paragraph 6, footnote 1, that Plaintiff intended to amend his complaint to add a cause of action when he received his right to sue letter from the EEOC. In order to firmly nail down what the Plaintiff is and is not seeking, it would be appropriate for the Plaintiff to file an amended complaint adding the EEOC charges if he intends to do so, and deleting the damage claims which he states he is not seeking.

As mentioned above, while Rule 26 provides for broad discovery, the Court still has some control over the scope of discovery. In this case the Magistrate Judge believes that the Defendants, in view of the concessions made by the Plaintiff, are only entitled to seek information about the Plaintiff's criminal past that would bear on his credibility. They certainly may inquire as to whether Plaintiff has any felony convictions within 10 years, or any offense involving dishonesty or false statements, as those terms are defined in the Federal Rules of Evidence. The Defendants are entitled to inquire about these matters.

However, it does not appear to the Magistrate Judge to be either reasonable or necessary for the Defendants to inquire about felonies that are older than 10 years or any other offense that

does not involved some element of deceit and untruthfulness or falsification.

A review of Plaintiff's criminal record to date does not indicate that the information sought would come within this guideline. The Defendants are certainly entitled to an answer to the question whether the Plaintiff has any form of felony convictions within 10 years or any convictions, whether felony or misdemeanor, that involve deceit, untruthfulness, or falsification.

In answering such an inquiry the Plaintiff should not try to strain the definitions and should error on the side of disclosure. The mere fact that it is disclosed in discovery certainly does not mean that it would be admissible at trial.

It is so **ORDERED.**

/s/ Joe B. Brown
JOE B. BROWN
United States Magistrate Judge